UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                  Chapter 13
                                                                                        Case No. 17-23418 (RDD)
    MANUEL R. SALAZAR,

                      Debtor.
-----------------------------------------------------------------x

## **PRE-TRIAL ORDER**

       **The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

WHEREAS, the debtor herein (the "Debtor") owns real property in which he resides, located at 183 Brookdale Avenue, New Rochelle, NY 10801 (the "Property");

WHEREAS, the Property is subject to two mortgages. The first mortgage is held by U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, which is serviced by Select Portfolio Servicing, Inc., with a claim asserted in the sum of $390,695.95 (Claim No. 16). The second mortgage is held by Gustava Home LLC with a claim asserted in the sum of $226,991.80 (Claim No. 2);

WHEREAS, the Debtor sought to void the junior mortgage lien of Gustavia Home, LLC pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2) by a Notice of Motion dated January 9, 2018, attaching an appraisal of the Property of $360,000.00 (the "Motion");

WHEREAS, Gustavia Home, LLC filed an objection to the Motion on June 26, 2018, attaching an appraisal of the property of $520,000.00;

WHEREAS, settlement discussions have failed and the matter has been referred to trial and to govern pre-trial procedure; now, therefore, good and sufficient cause appearing,

      It is hereby ORDERED as follows:

      1. All discovery in respect of the Motion has been completed.

      2. In advance of the evidentiary hearing on the value of the Property for purposes of the Motion, the parties shall have conferred and used their best efforts to agree on

a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

3. In addition, on or before two weeks before the foregoing evidentiary hearing, the parties shall have exchanged proposed witness lists.

4. On or before one week before the scheduled evidentiary hearing date of January 9, 2019 at 10:00 a.m., the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 1 hereof. The declarations of the parties' respective appraisers can be in the form of a brief paragraph stating that the attached appraisal would constitute their direct testimony, followed by any additions to or corrections of such appraisal.

Dated: White Plains, New York
       October 11, 2018

/s/Robert D. Drain
**Hon. Robert D. Drain**
**United States Bankruptcy Judge**